Filed 9/14/16  P. v. Frazier CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RODNEY FRAZIER,<br><br>    Defendant and Appellant. | F070425<br><br>(Super. Ct. No. DF010982A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Kelly C. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Gomes, Acting P.J., Kane, J. and Franson, J.

Appellant Rodney Frazier appeals from his conviction for possessing a sharp instrument while confined in a penal institution (Pen. Code, § 4502, subd. (a)), seeking review of the *Pitchess*[1] and *Brady*[2] hearing conducted by the trial court. For the reasons set forth below, we conditionally reverse the judgment and remand for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant, an inmate, was residing at the Kern Valley State Prison in Delano. On September 11, 2012, during a search of his wheelchair, Correctional Officer Mario Lozano found two inmate-manufactured weapons consisting of metal sharpened to a point. Appellant was charged with possessing a sharp instrument while confined in a penal institution.

In his defense, appellant alleged Officer Lozano had not, in fact, discovered the weapons in his wheelchair and sought discovery, both of *Pitchess* and *Brady* materials, from the personnel files of various correctional officers involved in his search to support that defense. Following a hearing, the trial court granted review of Officer Lozano's personnel files for material relating to "false reports or dishonesty" but was hesitant to grant discovery of any materials greater than five years old on *Brady* grounds, taking the issue under submission while questioning whether "*Brady* just undoes the five-year limit" statutorily imposed for discovery of *Pitchess* materials. The trial court then held an *in camera* hearing to review materials under appellant's motion. As a result, it ordered the production of materials under *Pitchess* but denied "the request of defense counsel for disclosure beyond five years on '*Brady*' grounds."

---

[1]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[2]    *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*).

In August 2014, appellant proceeded to trial and was convicted by a jury. In October 2014, appellant was sentenced. This appeal timely followed.

## DISCUSSION

### *The Trial Court Incorrectly Limited the Production of Brady Materials*

Appellant argues the trial court erred in limiting the production of *Brady* materials to "specific instances of false reporting or dishonesty" which are less than 5 years old. We agree that limiting production of *Brady* materials to the last five years was an error. The California Supreme Court has long made clear that the productions required under *Brady* and *Pitchess* are distinct, but operate in parallel when it comes to confidential personnel files. Material required to be disclosed under *Brady* is generally narrower than that what must be disclosed under *Pitchess*, as it is limited to exculpatory material, but is also broader because it is not bound by the statutory time limit on production set forth for *Pitchess* proceedings. (See *City of Los Angeles v. Superior Court* (2002) 29 Cal.4th 1, 14 (*City of Los Angeles*); *People v. Superior Court (Johnson)* (2015) 61 Cal.4th 696, 720 (*Johnson*).) However, because personnel files are granted qualified statutory confidentiality, the trial court could rightly limit its search to material evidence for which appellant had established a basis to search. (*City of Los Angeles*, *supra*, 29 Cal.4th at p. 14-15; *Johnson*, *supra*, 61 Cal.4th at p. 722 [noting "the court need not review everything in the personnel records, but only those portions that might be relevant."].)

The trial court restricted the production of *Brady* materials to those documents less than five years old under the apparent belief that granting full production would vitiate the statutory limitations set forth for the *Pitchess* procedure. This concern is unfounded. The statutory five-year production limitation under Evidence Code section 1045 sets the general boundaries for relevant material under the *Pitchess* standards. It does not, however, expressly limit what must be reviewed when an appropriate showing has been made that relevant evidence may exist. (Evid. Code, § 1045, subd. (b)(1).) Once the trial court granted appellant's request for review, it should have searched for all material

3

information within Officer Lozano's file, regardless of age, that fell within the type shown by appellant to be appropriately searched—in this case "specific instances of false reporting or dishonesty." As the material which must be produced under *Brady* is narrower in scope but broader in time than that which must be produced under *Pitchess*, completing a full *Brady* review does not vitiate the statutory limitations on production under *Pitchess*, but rather ensures both independent doctrines are satisfied. The trial court's failure to conduct a full review was thus improper.

Both parties agree that the proper procedure when a trial court fails to engage in a complete review of material properly requested is to conditionally vacate the judgement and remand for further review. If, upon further review, the trial court finds material that should have been produced, the trial court should order production and provide appellant an opportunity to prove the lack of production was prejudicial; if no prejudice is shown, the judgment should be reinstated. If no additional material is deemed discoverable, then the judgment should be reinstated. (See *People v. Gaines* (2009) 46 Cal.4th 172, 180-181.)

### *Independent Pitchess Review*

The trial court agreed to conduct a review of the materials less than five years old contained in Officer Lozano's personnel files. Both the People and appellant request we independently review these proceedings.

*Pitchess* motions are the well-settled mechanism by which defendants can screen law enforcement personnel files for evidence that may be relevant to their defense without compromising the officer's reasonable expectation of privacy in those records. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1225 (*Mooc*).) Subject to various restrictions not relevant here, a trial court must conduct an in camera review of potentially relevant personnel files if the defendant makes a showing of good cause for the discovery. (*Id.* at p. 1226.)

4

This process is effectuated by having a custodian of records collect all potentially relevant documents from identified personnel files and present them to the trial court. The custodian "should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion." (*Mooc*, *supra*, 26 Cal.4th at p. 1229.)

The trial court must then make a record of what documents it has examined to permit future appellate review. (*Mooc*, *supra*, 26 Cal.4th at p. 1229.) "If the documents produced by the custodian are not voluminous, the court can photocopy them and place them in a confidential file. Alternatively, the court can prepare a list of the documents it considered, or simply state for the record what documents it examined." (*Ibid.*) These proceedings are then sealed. (*Ibid.*)

Upon appeal, we independently examine the record made by the trial court "to determine whether the trial court abused its discretion in denying a defendant's motion for disclosure of police personnel records." (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.)

We have reviewed the full set of transcripts and documents relevant to this issue. The trial court complied with the required *Pitchess* procedures. Two custodians of record were present and placed under oath, and several declarations were also submitted. Potentially relevant documents were reviewed and considered in light of appellant's discovery motion. The court created an accounting of what was reviewed, produced the relevant documents, and placed on the record why the remaining were not relevant or subject to production. And these proceedings were stenographically recorded. (*Mooc*, *supra*, 26 Cal.4th at p. 1229.) Our independent review finds the trial court did not abuse its discretion in these proceedings with respect to those materials less than five years old in Officer Lozano's personnel files. Only one complaint was reviewed which was not

produced.  Our independent review shows this complaint was not related to "false reports or dishonesty" and, thus, was properly withheld from production.

**DISPOSITION**

The judgment is conditionally reversed. The case is remanded for the trial court to complete its review of Officer Lozano's personnel files in a manner consistent with this order.